UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. HUFF, | ) | CASE NO. 4:10CV2689 |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| J.T. SHARTLE, Warden, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

<u>Pro se</u> Petitioner Robert A. Huff filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 29, 2010. On the same date, he filed a Motion for Expedited Consideration. [Dkt.#3.] Petitioner, who was incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton) when the Petition was filed, names F.C.I. Elkton Warden J. T. Shartle as Respondent. He asserts he is entitled to immediate release to a Community Corrections Center (C.C.C.) For the reasons outlined below, the Motion is denied and the Petition is dismissed as moot.

*Background*

Petitioner was convicted of violating the Controlled Substances Act, 21 U.S.C. § 801 et seq. in the United States District Court for the Eastern District of Wisconsin.[1] *See United States v. Sheldon, et. al*, No. 2:08cr0036 (E.D. Wi. 2008). The Court sentenced him to a term of 24 months.

In August 2010, Petitioner was transferred to F.C.I. Elkton. The following month, the assigned Unit Team considered his placement in a C.C.C. under the provisions of the Second Chance Act of 2007. On September 11, 2010, the Team recommended a period of 90 days placement in a C.C.C. for Mr Huff. He appealed the recommendation to Warden Shartle, asking for an additional 6 months.

During the pendency of the Warden's review of Petitioner's appeal, the Government filed a Motion for Reduction of Sentence on September 30, 2010 in the District Court of Wisconsin pursuant to Federal Criminal Rule 35(b). The Court granted the motion on October 21, 2010 and reduced Petitioner's sentence to 18 months. On October 22, 2010, Warden Shartle denied Petitioner's appeal requesting 9 months placement in a C.C.C. He was advised of his right to appeal.

When Petitioner received notice that the Court reduced his sentence, he contacted his Case Manager who "declined to act until the sentence reduction appeared in the BOP computer." (Pet. at 5.) Even after this notice, however, the Case Manager refused to immediately release him to a C.C.C. Because of the brief window of time within which Petitioner's request would become

---

[1] In his Motion to Expedite, Petitioner states "his sentencing court, the United States District Court for the Northern District of Illinois, reduced his sentence by six months on October 21, 2010." (Mot. at 1.) The court presumes the Illinois court designation is a typographical error, as the Public Access to Court Electronic Records (PACER) does not reveal any indictment against Petitioner in that court.

-2-

futile, he asserts that exhaustion of his administrative remedies should be waived.

*Analysis*

Petitioner argues he should have been placed in a C.C.C. no later than December 1, 2010, or 90 days before his anticipated release date of March 1, 2011. While he abandoned his challenge to the BOP's determination regarding the length of his C.C.C. placement under the Second Chance Act, he now maintains he has a liberty interest in being placed in a C.C.C. for 90 days. Analogizing the facts of *Van Curen v. Jago*, 641 F.2d 411 (6th Cir. 1981) to his case, Petitioner argues that once the BOP determined the length of his C.C.C. placement period, he had a legitimate expectation of being placed in a C.C.C. for 90 days.

Moreover, once the Warden approves a C.C.C. referral, the BOP's Program Statement directs the Unit Team Staff to forward the approval to the Community Corrections manager office in the BOP. The manager is then mandated to forward this approval to the appropriate C.C.C. Petitioner admits that the date an inmate is transferred is "subject to fluctuation, [and] that date is set by the C.C.C., not the BOP. Id. at 1112(e)."[2](Pet. at 11.).

*Mootness*

The Bureau of Prisons' Inmate Locator indicates that Petitioner has already been released to a C.C.C. Article III, Section 2 of the United States Constitution provides that Federal Courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v.*

---

[2] Petitioner's citation appears to be a reference to BOP Program Statement (P.S.) 7310.04, "Community Corrections Center(CCC) Utilization and Transfer Procedures," paragraph 12(e).

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). If an event occurs subsequent to the filing of a lawsuit which deprives a Court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir.2004).

In the context of a Habeas Corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). In this case, by virtue of Petitioner's release from custody, Warden Shartle can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Section 2241 Petition.

### *Conclusion*

Based on the foregoing, the Motion for Expedited Consideration is **denied** and this action is dismissed as **moot**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

   S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

January 11, 2011

---

[3] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).